```
              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


JIMITA RACHEL DIXON, ET AL.,      :
                                  :
          Plaintiffs              :    CIVIL NO. 3:CV-16-759
                                  :
     v.                           :
                                  :    (Judge Conaboy)
                                  :
SECRETARY JOHN WETZEL, ET AL.,    :
                                  :
          Defendants              :
```

## MEMORANDUM
### Background

Jimita Rachel Dixon, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The Complaint also seeks relief on behalf of Jimita's two children Misah Dixon and Khima A.L. Thompson. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2.

Named as Defendants are Secretary John Wetzel of the Pennsylvania Department of Corrections (DOC), and three SCI-Muncy officials, Superintendent Robert Smith, Deputy Superintendent Wendy Nicholas, and Sergeant J. Winder. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Dixon's Complaint is a rambling far reaching narrative which included allegations regarding purported events which occurred at

1

SCI-Muncy; the State Correctional Institution, Cambridge Springs, Pennsylvania; Erie, Pennsylvania; and the State of Georgia stretching as far back as 2002. Inmate Dixon describes herself as having mental health issues and as having initiated approximately 80 grievances while imprisoned. The Plaintiff initially alleges that although being single celled she suffered bruises, scratches, and bumps because "they've been sending clientale [sic] with sky location (their productions) and symbolic gateway takeing [sic] over my body and control of my body." Doc. 1, p. 2.

Dixon next contends that a non-defendant correctional officer, Blantant, subjected her to verbal threats and used "memory projection" against her. Id. at p. 3. The Complaint further alleges that the prisoner has dents in her skull and structure; has experienced purple urine; and suffered friction to her eyes, vagina, and butt at the hands of correctional staff. Plaintiff states that "brain has been taken over and I corrupted even through my sleep placing me at sexual risk awoke or asleep." Id. In addition, "patents and navigations" are being purportedly used against Inmate Dixon and she was stabbed by an automatic machine. Id.

Without unnecessary elaboration, the remainder of the Complaint sets forth additional similarly outlandish claims including assertions that Defendant Winder took " a daughter a fresh baby" from her in 2013; has assumed custody of their son; committed a sexual assault against her while she was dreaming; and

had a tracking device placed in her vagina. Id. at p. 6. There are also allegations that Plaintiff was made into a personal robot, is being targeted because she has a billion dollar estate which is an inheritance from her grandmother; has had other devices and chips placed inside her body; as well as multiple other irrational claims. As relief Plaintiff seeks her immediate release from confinement, a pardon, as well as compensatory and punitive damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

## Co-Plaintiffs

It is initially noted that Jimita Dixon's two children Misah Dixon and Khima A.L. Thompson are named as Plaintiffs. Both children are described as being residents of the State of Georgia

and their ages are unknown. Neither child has paid the required filing fee, submitted an in forma pauperis application, or signed the Complaint. There is also no indication that the children have consented to or are even aware of the filing of this action.

Moreover, the Complaint does not raise any discernible claims that either child ever resided within the Commonwealth of Pennsylvania or was ever subjected to any violations of their constitutional rights by any of the named Defendants within two years of the filing of this action. Given those considerations, this pro se action will be deemed to be filed solely on behalf of Jimita Dixon.

**Habeas Corpus**

Plaintiff seeks in part her immediate release from prison. See Doc. 1, ¶ V. Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable"

in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's present claims of requests to be released and pardoned are not properly raised in a civil rights complaint. Accordingly, those claims will be dismissed without prejudice to any right Dixon may have to pursue said allegations via a federal habeas corpus petition.

**Verbal Threats**

Plaintiff alleges in part that she was subjected to verbal threats and harassment on a number of occasions. There is no assertion that any of those purported statements were accompanied by any physical abuse.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the


Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Dixon was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks, although offensive, were not of such magnitude to

6

shock the conscience as contemplated by this Court in <u>S.M. v. Lakeland School District</u>, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**<u>Statute of Limitations</u>**

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985). The United States Supreme Court clarified its decision in <u>Wilson</u> when it held that courts "should borrow the general or residual [state] statute for personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 250 (1989).

Pennsylvania's applicable personal injury statute of limitations is two years. <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 190 (3d Cir. 1993). Furthermore, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis" of his civil rights claim. <u>Gentry v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

The question of when a cause of action accrues is a question of federal law. <u>Smith v. Wambaugh</u>, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.

A review of the Complaint shows that that it includes

multiple claims based on alleged conduct which occurred as far back as 2002. See Doc. 1, p. 8. It is apparent that Plaintiff obtained knowledge of the purported violations of her constitutional rights at the time they occurred, yet she failed to initiate this action within the following two (2) years but rather waited over seven (7) years in some instances before seeking relief.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired. See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to sua sponte dismiss a complaint which facially violates a bar to suit); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.). Consequently, any claims raised by Plaintiff regarding actions which transpired more than two years prior to April 22, 2016,[1] are clearly barred by Pennsylvania's controlling statute of limitations.

**Personal Involvement**

As noted earlier the named Defendants include DOC Secretary

---

[1] The pending Complaint is dated April 22, 2016, and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court).

8

Wetzel, as well as Superintendent Smith and Deputy Superintendent Nicholas of SCI-Muncy. However, there are no factual allegations set forth in the Complaint which allege that any of those Defendants had personal involvement in any violation of the Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

9

Rode, 845 F.2d at 1207.

As noted above, there are no factual assertions set forth which could support a claim that Secretary Wetzel, Superintendent Smith and Deputy Superintendent Nicholas had any personal involvement in any acts of constitutional misconduct. Accordingly, it appears that Dixon is attempting to establish liability against those officials solely on the basis of their respective supervisory capacities. Accordingly, under the personal involvement pleading requirements of Rode, dismissal will be granted in favor of Defendants Wetzel, Smith, and Nicholas .

**Delusional Claims**

The United States Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible ...." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (stating that baseless factual contentions describe scenarios clearly removed from reality).

Without unnecessary elaboration, Plaintiff's far fetched claims that her mind and body are being controlled by tracking mechanisms and other devices are solely the result of a delusional scenario created by Inmate Dixon. Plaintiff's additional related outlandish assertions likewise seem to be part of an imaginary scenario created by Plaintiff and most likely the result of her admitted mental health issues.

Fantastic, delusional, and simply unbelievable claims are clearly subject to dismissal. See Golden v. Coleman, 429 Fed.

Appx. 73 (3d Cir. 2011). Although this Court is sympathetic to the needs of inmates suffering from mental and emotional problems, Dixon's pending claims fall within the category described above and as such will be <u>sua sponte</u> dismissed under the standards announced in <u>Denton</u> and <u>Golden</u>.

## Conclusion

Since Dixon's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: MAY 12, 2016